UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOULISSE APOLINARIO MOREL, individually and
on behalf of others similarly situated,

Civil Action No.:

Plaintiff,

-against-

**CLASS ACTION COMPLAINT**

EXPERIAN,

**DEMAND FOR JURY TRIAL**

Defendant(s).
-----------------------------------------------------------------X

Plaintiff JOULISSE APOLINARIO MOREL, individually and on behalf of others similarly situated ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant EXPERIAN, (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA");.

## PARTIES

2. Plaintiff JOULISSE APOLINARIO MOREL is a resident of the State of New York, residing at 1672 New York Avenue, Huntington Station, New York 11746.

3. Defendant EXPERIAN has a place of business at 701 Experian Parkway, Allen, Texas 75013.

4. EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p et seq. and 28 U.S.C. §2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to (i) §1681 et seq. as amended, of Title 15 of the United States Code, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FCRA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FCRA.

8. This Class satisfies all the requirements of FCRA for maintaining a class action.

9.  The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FCRA.

10. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FCRA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FCRA.

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would

create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Upon information and belief, Defendant has been reporting derogatory and

inaccurate information concerning the Plaintiff and the Plaintiff's credit report/history to third parties.

22. The credit reports as referred to in this complaint are "consumer reports" as that term is defined by 15 USC §1681a(d).

23. On September 4, 2015, Plaintiff sent a credit dispute letter to Defendant where questionable listings appeared, specifically regarding BANK OF AMERICA, and requesting that corrections be made.

24. A copy of Plaintiff's letter dated September 4, 2015 is attached as Exhibit "A."

25. Defendant responded to Plaintiff's letter by letter dated September 23, 2015 addressing Plaintiff's disputes.

26. A copy of Defendant's response letter dated September 23, 2015 to Plaintiff's dispute letter is attached hereto as Exhibit "B."

27. On November 24, 2015, the Plaintiff sent a second credit dispute letter to Defendant and to two other credit bureaus where questionable listings appeared.

28. Plaintiff's letter explained to Defendant that they were inaccurately reporting information, specifically with regard to accounts BANK OF AMERICA and CAPITAL ONE AUTO FINANCE.

29. A copy of Plaintiff's dispute letter to Defendant dated November 24, 2015 is attached hereto as Exhibit "C."

30. A copy of Plaintiff's dispute letter to credit bureau EQUIFAX dated November 24, 2015 is attached hereto as Exhibit "D."

31. A copy of Plaintiff's dispute letter to credit bureau TRANSUNION dated November 24, 2015 is attached hereto as Exhibit "E."

32. Plaintiff received a letter from Defendant in response to her letter of November 24, 2015.

33. Defendant's letter, dated December 10, 2015, stated: "We received a suspicious request in the mail regarding your personal credit report and determined that it was not sent by you. Suspicious requests are reviewed by Experian security personnel who work regularly with law enforcement officials and regulatory agencies to identify fraudulent and deceptive correspondence purporting to originate from consumers."

34. A copy of Defendant's letter dated December 10, 2015 is attached hereto as Exhibit "F."

35. Plaintiff received a response to her letter to EQUIFAX acknowledging Plaintiff's letter and making appropriate adjustments.

36. A copy of response letter from EQUIFAX dated January 5, 2016 is attached hereto as Exhibit "G."

37. Plaintiff received a response to her letter to TRANSUNION acknowledging Plaintiff's letter and making appropriate adjustments.

38. A copy of response letter from TRANSUNION dated December 31, 2015 is attached hereto as Exhibit "H."

39. Upon information and belief, Defendant's letter stating that Plaintiff's letter was "suspicious" is a mass-produced form letter sent to consumers in order to delay implementing corrections to consumer reports.

40. The Defendant's derogatory and inaccurate information reflects negatively on the Plaintiff, the Plaintiff's credit history and Plaintiff's responsibility as a debtor and credit worthiness.

41. The Plaintiff has disputed the inaccurate, false, and misleading information with the Defendant through the correct procedures established by the Defendant.

42. The Defendant has continued to publish and disseminate the false, inaccurate and misleading information by falsely pretending that Defendant suspects Plaintiff's and consumers' notifications of inaccuracies.

43. The Defendant's conduct, as well of the conduct of the Defendant's agents and third party employees is willful, intentional, reckless, and grossly negligent concerning adhering to Federal Law and not violating the rights of the Plaintiff.

44. As a result of the Defendant's failure to properly investigate and reinvestigate the disputed and inaccurate information, the Plaintiff has suffered damage and continues to suffer damage.

45. Upon information and belief, upon numerous occasions, the Defendant furnished the Plaintiff's consumer reports to multiple entities which contained the inaccurate derogatory information resulting in at least one credit denial to the Plaintiff.

### FIRST CAUSE OF ACTION
### (Violations of the FCRA)

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47. **The Defendant violated the Plaintiff's rights under 15 USC §1681e(b)** by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files Defendant published and maintained.

48.. As a result of the Defendant's violations of 15 USC §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

49. The violations by the Defendant of 15 USC §1681e(b were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

50. **The Defendant violated 15 USC §1681i(a)1** by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate and record the current status of the disputed information or delete the items from the Plaintiff's credit files.

51. As a result of the Defendant's violations of 15 USC §1681i(a)1, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

52. The violations by the Defendant of 15 USC §1681i(a)1 were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

53. **The Defendant violated 15 USC §1681i(a)(4)** on by failing to review and consider all relevant information submitted by the Plaintiff.

54. In distinct contrast to credit bureaus TRANSUNION and EXQUIFAX, Defendant sent a form-letter response that Plaintiff's notification was "suspicious."

55. Moreover, Defendant had no problem responding to Plaintiff's letter dated

September 4, 2015 which contained the identical contact information regarding Plaintiff that Defendant suddenly found to be "suspicious" as they claimed in their letter of December 10, 2015.

56. As a result of the Defendant's violations of 15 USC §1681i(a)(4), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

57. The violations by the Defendant of 15 USC §1681i(a)(4) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

58. **The Defendant violated 15 USC §168i (a)(5)(A)** by failing to promptly delete or correct the disputed inaccurate items of information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

59. As a result of the Defendant's violations of 15 USC §1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

60.. The violations by the Defendant of 15 USC §1681i(a)(5)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

61. Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney fees from the Defendant in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §1681o.

62. WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants:

A. For statutory, actual and punitive damages of $1,000,000.00 provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n(3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

B. For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

C. A Declaration that the Defendant's practices violated the FCRA and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
January 18, 2016

                                      Respectfully submitted,

By: _____
Edward B. Geller, Esq.(EG9763)
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff*
                JOULISSE APOLINARIO MOREL

To: EXPERIAN
701 Experian Parkway
Allen, Texas 75013

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern District of New York

    *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK      CASE NO.:

JOULISSE APOLINARIO MOREL, individually and on behalf of others similarly situated,

Plaintiff,

-against-

EXPERIAN,

Defendant(s).

# AMENDED CLASS ACTION COMPLAINT

Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:    (914)473-6783